## STATE *v.* BURT H. WELLS.

### May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and WATSON, JJ.

### Opinion filed August 5, 1901.

*Construction of Statutes—Charter of Barre (Acts of 1894, No. 165) sec. 27—Provision mandatory rather than directory—Dismissal of exceptions—*Section 27 of the Charter of the City of Barre provides that criminal causes may be passed from the City Court to the Su-

preme Court on exceptions, and that in such cases a full transcript of the proceedings certified by the City Judge, together with the bill of exceptions, shall be filed with the County Clerk within thirty days of the date of the judgment. If the required transcript is not so filed within the prescribed time the exceptions must be dismissed by the Supreme Court.

*Construction of Statutes—Charter of Barre, sec. 27*—Docket entries in a criminal case do not constitute "a full transcript of the proceedings" under the provision of the Charter of Barre relating to exceptions.

PROSECUTION for the violation of certain ordinances of the City of Barre. Tried by a City Court jury in the City Court of Barre, *Fay*, J. Verdict and judgment of guilty were rendered, and the respondent, January 14, 1901, was sentenced to pay a fine of one dollar and the costs of prosecution. The respondent excepted.

*William Wishart,* City Attorney, and *Richard A. Hoar,* State's Attorney, for the State.

*Gordon & Jackson* for the respondent.

TYLER, J. This is a prosecution upon a complaint by the attorney of the City of Barre for the alleged violation by the respondent, as city treasurer, of certain city ordinances. The case comes here upon exceptions to the overruling of the general and special demurrers to the several counts in the complaint, and upon exceptions to the rulings and charge of the City Court where there was a trial, conviction and judgment.

The state's attorney filed a motion in this court to dismiss the respondent's exceptions on the ground that they and the transcript were not filed as the law requires.

Section 27 of the charter provides that exceptions in criminal cases may be taken to the judgments, rulings and orders of the City Court, upon questions of law, to the Supreme Court, in the same manner and under the same regulations as provided by law for exceptions in the County Court; and in

such cases a full transcript of the proceedings, properly certified by the judge, together with the exceptions, shall be filed with the county clerk within thirty days from the date of judgment.

In this case the exceptions were duly filed with the county clerk, but the required transcript was not filed until after the expiration of the thirty days. The city judge certifies, and we assume it to be true, that he filed with the exceptions a certified copy of his docket entries, but this was not a compliance with the law. He also certifies that he filed with the exceptions all the original files in the case. These files are not before us, but while they were sent to the county clerk, it is not probable that they were in fact filed by him, for it appears in the judge's certificate that the county clerk notified him that a transcript was required, and that he notified the judge that the original files would be returned to him and that they were in fact returned.

For non-compliance with the requirements of the charter the exceptions must be dismissed. If the transcript may be filed three days after the expiration of the prescribed time, it may be filed thirty days after that time, and the purpose of requiring it to be filed would be defeated; for it is apparent that in many cases the exceptions would be entirely meaningless without the transcript.

*Exceptions dismissed.*